IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| RON ALLEN HUNTER JR., | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00068 |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| TROOPER CHRISTOPHER WEBER, | ) |
| | ) |
| Defendant | ) ORDER ON PLAINTIFF'S PETITION FOR |
| | ) WRIT OF QUO WARRANTO |
| | ) |
| | ) ECF NO. 20 |
| | ) |
| | ) ECF NO. 22 |

Plaintiff Ron Allen Hunter ("Hunter") has filed a petition seeking a writ of quo warranto against defendant Trooper Christopher Weber. *See* ECF No. 20, p. 1. A petition docketed at ECF No. 22 is an exact duplicate. Hunter challenges Weber's job performance as violating his civil rights for Weber's "libel, assault, and batter, accessive (sic) force." *Id*. Hunter's petition is **DENIED**.

A federal quo warranto action has historically been available only in connection with proceedings over an individual's right to hold an office or position. *See, e.g., Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933); *Newman v. Frizell*, 238 U.S. 537 (1915); *Barany v. Buller*, 670 F.2d 726, 735 (7th Cir. 1982). Moreover, "[i]t appears from case law that in federal court, the writ may be sought only by the United States, and not by private individuals." *Allah v. Robinson*, 2007 WL 2220258, at *2 (W.D. Wash. July 31, 2007) (citing Johnson, 289 U.S. at 502 (1933)); *see also Bhambra v. County of Nev.*, 2010 WL 3258836 (E.D. Cal. 2010);

1

*United States v. Machado*, 306 F. Supp. 995, 1000 (N.D. Cal. 1969).  The focus of a quo warranto action—like an injunction—is preventing a continued exercise of authority unlawfully asserted, not to a correct what already has been done under it or to vindicate private rights.  *See Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n*, 840 F.2d 653, 665 (9th Cir. 1988) (citing *Johnson*, 289 U.S. at 502)).  *See also Hill v. Commonwealth of PA*, 2021 WL 4852131, at *9 (M.D. Pa. June 9, 2021), *report and recommendation adopted sub nom. Hill v. PA*, 2021 WL 4844061 (M.D. Pa. Oct. 18, 2021), *aff'd*, 2022 WL 910342 (3d Cir. Mar. 29, 2022).  Hunter is a private individual and thus has no standing to bring a federal quo warrant action.  *See Hill*, 2021 WL 4852131, at *10.  Further, Hunter's application seeks to correct actions that were taken in the past, not to prevent a continued exercise of authority unlawfully asserted.  *See id.*  Thus, to the extent Hunter brings this petition as an action seeking a federal writ quo warranto against Deputy Warden Bryant, he lacks standing and the petition is hereby **DENIED**.

To the extent he may be seeking a writ of quo warranto against this defendant under state law, his application is also **DENIED**.  Hunter's application could be construed as alleging a state law claim of quo warranto seeking the removal of Trooper Weber from his position.  In Pennsylvania, the general rule is well settled that a quo warranto action constitutes the proper method to challenge title or right to public office.  *In re One Hundred or More Qualified Electors*, 683 A.2d 283, 286 (Pa. 1996); *Andrezjwski v. Borough of Millvale*, 673 A.2d 879, 881 (Pa. 1996).  The rationale for the exclusive nature of the quo warranto remedy is that:

> [Q]uo warranto is the Gibraltar of stability in government tenure. Once a person is duly elected or duly appointed to public office, the continuity of his services may not be interrupted and the uniform working of the governmental machinery disorganized or disturbed by any proceeding less than a formal challenge to the

2

> office by that action which is now venerable with age, reinforced by countless precedent, and proved to be protective of all parties involved in a given controversy, namely quo warranto.

*In re Bd. of Sch. Dirs.*, 180 A.2d 16, 17 (Pa. 1962).  Generally, only the attorney general or local district attorney may institute a quo warranto action.  *Qualified Electors*, 683 A.2d at 286.  "A party will be permitted to bring an alternative action to the remedy of quo warranto where the Attorney General and the local district attorney refuse to bring such an action or if it would be a futile exercise to seek the approval of these officials."  *Id*. at 286–87.  But "[a] private party with a special interest in the matter may institute a quo warranto action without first notifying the Attorney General or the local district attorney."  *Reed v. City of Harrisburg,* 995 A.2d 1137, 1140 (Pa. 2010).

Here, Hunter lacks standing to bring any state law quo warranto action because he has not averred that he filed this petition after first asking both the Attorney General and the local district attorney to bring the action, and because he has not alleged the requisite "special interest" permitting him to proceed with a quo warranto action.  *See, e.g., Bird v. Borough of Moosic*, 2020 WL 969502, at *6 (M.D. Pa. Feb. 28, 2020).  Accordingly, Hunter's petition [ECF Nos. 38] for a writ of quo warranto against this individual is **DENIED**.

DATED this 19th day of July, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE