IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ALLEN HUNTER, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-68 |
| CHRISTOPHER WEBER, TPR., | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

In this *pro se* civil action, Plaintiff Ron Allen Hunter, Jr., has sued Pennsylvania State Trooper Christopher Weber ("Defendant") for alleged defamation, malicious prosecution, and violations of Plaintiff's federal civil rights. ECF No. 8. Plaintiff's claims arise out of an incident that occurred on January 11, 2022, when he was arrested by Defendant for various misdemeanor and summary offenses. The matter was initially stayed pending resolution of the underlying criminal charges in state court. ECF No. 26. After the criminal charges were resolved, this case was reopened and Defendant moved to partially dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 43. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On July 19, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he opined that Defendant's motion should be granted in part and denied in part. ECF No. 51. Preliminarily, Judge Lanzillo construed the Complaint as asserting constitutional claims under 42 U.S.C. §1983 for excessive force, false arrest, false imprisonment, and malicious prosecution, and state law claims for defamation and malicious prosecution. *Id.* at 3. Analyzing

1

each cause of action as pled in the Complaint, Judge Lanzillo concluded that: (1) Defendant's motion should be denied without prejudice insofar as it seeks dismissal of Plaintiff's Fourth Amendment claims for false arrest and false imprisonment; (2) Defendant's motion should be granted insofar as it seeks dismissal of Plaintiff's federal and state malicious prosecution claims, as well as Plaintiff's state law defamation claim, but Plaintiff should be permitted to replead those claims; and (3) pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B), the Court should dismiss with prejudice any claims purportedly based on a "failure to protect," and/or "cruel and unusual punishment," "humiliation," "deformity," and "corrupt authority." Because the Defendant did not move to dismiss Plaintiff's Fourteenth Amendment excessive force claim, Judge Lanzillo made no recommendation concerning that cause of action; the Magistrate Judge did note, however, that Plaintiff's averments concerning the use of excessive force could be construed as supporting cognizable state law claims for assault and battery. Accordingly, Judge Lanzillo recommended that such claims be permitted to proceed to discovery.

Plaintiff's objections were due August 7, 2023. To date, no objections have been filed.[1] However, Plaintiff did recently file a motion requesting leave to amend his complaint, which includes numerous averments relevant to his claims. If Plaintiff had made this request within twenty-one (21) days after Defendant filed his Rule 12(b)(6) motion, Plaintiff would have been entitled to amend his pleading as a matter of course, without leave of Court. *See* Fed. R. Civ. P.

---

[1] In a separate civil action filed at Case No. 1:22-cv-78, Plaintiff filed a notice of his change of address, citing a new mailing address located in Corry, Pennsylvania. *See Hunter v. Barrett*, et al., No. 1:22-cv-78 (W.D. Pa.) at ECF No. 72, filed July 18, 2023. The Magistrate Judge issued his R&R in the within civil action the following day (i.e., July 19, 2023). Although no change of address had been filed in the instant case, the Magistrate Judge's staff mailed a copy of the R&R to Plaintiff's new address in Corry, out of an abundance of caution. There is no indication on the docket that the mailing was returned or otherwise not received by Plaintiff. Subsequently, on August 9, 2023, Plaintiff filed a change of address in the instant case, this time indicating that he was now incarcerated at the Erie County Prison. On August 11, 2023, the Magistrate Judge's staff mailed another copy of the July 19, 2023 R&R to Plaintiff, using his current address at the Erie County Prison. Finally, on August 22, 2023 the Court received correspondence from Plaintiff inquiring about the status of his case. The Magistrate Judge's staff mailed Plaintiff a docket sheet that same date. Nothing in the nature of formal objections have yet been filed by Plaintiff.

15(a)(1)(B). His motion comes beyond that timeline, however, so leave of Court is required. Fed. R. Civ. P. 15(a)(2). Because the Court ultimately agrees with the Magistrate Judge's Rule 12(b)(6) analysis, Plaintiff will be granted leave to file an Amended Complaint so that he can replead certain claims, as set forth below. Plaintiff is advised that, in amending his complaint, he should make every effort to comply with the legal principles and pleading standards discussed in the Magistrate Judge's July 19, 2023 Report and Recommendation. *See* ECF No. 51.

Accordingly, after *de novo* review of the documents in the case, including the complaint, Defendant's motion and all filings related to thereto, and the Magistrate Judge's R&R, the following Order is entered:

NOW, this 28th day of August, 2023, IT IS ORDERED that the Defendant's partial motion to dismiss the complaint, ECF No. [43], is GRANTED in part and DENIED in part as follows:

1. Defendant's motion is DENIED insofar as it seeks dismissal of Plaintiff's Fourth Amendment false arrest and false imprisonment claims;

2. Defendant's motion is GRANTED insofar as it seeks dismissal of Plaintiff's malicious prosecution claims under federal and state law; and

3. Defendant's motion is further GRANTED insofar as it seeks dismissal of Plaintiff's state law defamation claim.

IT IS FURTHER ORDERED that, pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B), Plaintiff's claims predicated on a "failure to protect," "cruel and unusual punishment," "humiliation," "deformity," and/or "corrupt authority" are DISMISSED WITH PREJUDICE and without further leave to amend.

IT IS FURTHER ORDERED that the dismissal of Plaintiff's federal and state malicious prosecution claims, and the dismissal of Plaintiff's state law defamation claim, are WITHOUT PREJUDICE and with leave to further amend.  Accordingly, Plaintiff may replead those claims, **on or before September 18, 2023**, in an Amended Complaint which includes **all of Plaintiff's cognizable or potentially cognizable claims,** namely:  his Fourteenth Amendment excessive force claim: his Fourth Amendment false arrest, false imprisonment and malicious prosecution claims; and his state law claims for malicious prosecution, defamation, assault and battery.  **In the event Plaintiff declines or fails to file an Amended Complaint by the aforementioned deadline, the Court's dismissal of his federal and state malicious prosecution claims and the dismissal of his state law defamation claim will be automatically converted to dismissals with prejudice, without further notice and without further action by this Court.**

IT IS FURTHER ORDERED that Defendant's answer to the surviving claims in this case shall be due within fourteen (14) days after the filing of any Amended Complaint or, alternatively, within fourteen (14) days of the deadline set forth above, whichever shall occur first.

Finally, IT IS ORDERED that the Report and Recommendation issued by Chief United States Magistrate Judge Richard Lanzillo on July 19, 2023, ECF No. [51], is hereby adopted as the opinion of this Court.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge