**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RON ALLEN HUNTER, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 22-68 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **CHRISTOPHER WEBER, TPR.,** | ) | **Chief Magistrate Judge Richard Lanzillo** |
| **Defendant.** | ) | |

## MEMORANDUM ORDER

Plaintiff Ron Allen Hunter, Jr., an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania, initiated this civil rights action by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Pennsylvania State Trooper Christopher Weber, asserting claims of excessive use of force, false arrest, and false imprisonment. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On December 1, 2023, Plaintiff filed a motion for summary judgment, including a concise statement of facts [ECF No. 88], to which Defendant filed an opposition brief [ECF No. 92] and a counter statement of facts [ECF No. 93]. Defendant subsequently filed his own motion for summary judgment on February 20, 2024 [ECF No. 105], which was fully briefed by the parties.

On August 14, 2024, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendant's motion for summary judgment be

granted as to Plaintiff's false arrest and false imprisonment claims, but denied as to Plaintiff's excessive use of force claim, and further recommending that Plaintiff's motion for summary judgment be denied. [ECF No. 128]. In particular, as to Defendant's motion, Judge Lanzillo concluded that Defendant is entitled to summary judgment on the false arrest and false imprisonment claims because Defendant had probable cause to arrest Plaintiff on the charge of public drunkenness (Id. at pp. 11-14); however, he concluded that genuine issues of material fact remain as to the reasonableness of Defendant's use of force and, thus, both parties' motions for summary judgment should be denied as to Plaintiff's excessive use of force claim (Id. at pp. 14-16).

Plaintiff has filed timely objections to the R&R [ECF No. 129], as well as two supplements thereto [ECF Nos. 130, 132]. In his objections, Plaintiff objects to Judge Lanzillo's recommendation regarding his false arrest and false imprisonment claims. Specifically, Plaintiff challenges Judge Lanzillo's finding that probable cause for his arrest existed, arguing that the arrest was based on an allegedly false statement that was provided by a park manager "about a car accident that never happened," which "showed bias and discrimination" toward Plaintiff because of his tattoos and the way he was dressed. (ECF No. 129, at pp. 1-2). Plaintiff's second supplement to his objections [ECF No. 132] argues further that it has "already been proven in criminal court show: no car crash existed." (Id. at ¶ ). These arguments are without merit, however, as Judge Lanzillo's finding is largely based on Defendant's affidavit in which Defendant described Plaintiff's behavior as "jittery, anxious, and nervous" and appearing to be "under the influence of an unknown substance." (ECF No. 128, at p. 8). In addition, Judge Lanzillo notes that the dashcam video offered "additional indicia of intoxication," showing

Plaintiff "walking outside in clothing inadequate for the then-existing winter weather conditions" and capturing Plaintiff's "incoherent yelling and erratic behavior after he was subdued." (Id., at p. 13). This evidence of record is more than sufficient to support Judge Lanzillo's finding that Defendant had probable cause to arrest Plaintiff for public drunkenness.

Plaintiff's first supplement to his objections [ECF No. 130] challenges the R&R's recommendation to deny Plaintiff's motion for summary judgment as to his excessive use of force claim, arguing that the "video dashcamera evidence shows clear and convincing factual undisputed proof … that [he] did not resist and … showed no signs of resisting," and "shows [him] screaming and crying in pain because of the Defendant inflicted pain on [him]." (Id. at ¶¶ 1, 4). However, Judge Lanzillo correctly notes that "the use of force incident occurred outside of the visual range of the dashcam" and, thus, "the video evidence does not address any of the factors relevant to determining the reasonableness of [Defendant's] use of force." (ECF No. 128, at p. 15). As a result, Judge Lanzillo's conclusion that genuine issues of material fact remain as to the reasonableness of Defendant's use of force is well-founded.

Thus, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 3rd day of September, 2024;

IT IS HEREBY ORDERED that Defendant's motion for summary judgment [ECF No. 105] is GRANTED, and Plaintiff's motion for summary judgment [ECF No. 88] is DENIED, as to Plaintiff's false arrest and false imprisonment claims, and judgment will be entered in favor of Defendant and against Plaintiff on such claims.

IT IS FURTHER ORDERED that both parties' motions for summary judgment [ECF

Nos. 88 and 105] are DENIED with regard to Plaintiff's excessive use of force claim, and such claim will proceed to trial.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued August 14, 2024 [ECF No. 128], is adopted as the opinion of the court.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge