IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ALLEN HUNTER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-68 |
| v. | ) |
| | ) |
| CHRISTOPHER WEBER, TPR., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

In this *pro se* civil rights action, Plaintiff Ron Allen Hunter, Jr. ("Hunter"), has sued Pennsylvania State Trooper Christopher Weber ("Weber") for alleged wrongs relating to Hunter's arrest on January 11, 2022. The matter was previously referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

At this juncture, Hunter's only remaining claim is a Fourteenth Amendment claim under 42 U.S.C. §1983 alleging Weber's use of excessive force in connection with Hunter's arrest. Motions practice under Rule 56 has concluded, and the case has been referred back to the undersigned for trial.

Pending before the Court are motions filed by Hunter at ECF Numbers 138, 139, 140, 143, 144, and 145. These motions are addressed below.

*The Motion at ECF No. [138]*

At ECF No. [138], Hunter filed a "Motion in Respons[e] to Summary Judgment in Plaintiff's Favor for False Arrest, False Imprisonment, [and] Excessive Force." This motion essentially seeks reconsideration of the Court's prior entry of summary judgment in favor of

1

Weber with respect to Hunter's Fourth Amendment claims alleging false arrest and false imprisonment.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should be granted "sparingly," and "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Motions to reconsider should not be used to relitigate issues already resolved by the court, nor should they be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Here, Hunter has not pointed to any intervening change in the law or new evidence in support of his claims. Further, this is not a situation where reconsideration is necessary in order to correct clear error of law or prevent manifest injustice. Accordingly, the motion at ECF No. [138] will be denied.

*The Motion at ECF No. [139]*

At ECF No. [139], Hunter has filed a document styled as a "Motion of Appeal." In this document, Hunter again takes issue with the Court's entry of an adverse judgment on his Fourth Amendment false arrest and false imprisonment claims. For the reasons stated, reconsideration of the Court's judgment is not warranted. Hunter appears to be under the mistaken impression

that his acquittal in state court on charges of public drunkenness, resisting arrest, and disorderly conduct necessarily means that there was no probable cause to support his arrest or pretrial detention. But probable cause involves a lesser threshold of evidentiary proof than a criminal conviction, which requires proof beyond all reasonable doubt. *See Laws v. Borough of Lansdale*, No. 24-1562, 2025 WL 1218186, at *2 (3d Cir. April 28, 2025) ("Far from demanding proof of guilt beyond a reasonable doubt, probable cause exists if there is a fair probability that the person committed the crime at issue.") (internal quotation marks and citations omitted); *Geness v. Cox*, 902 F.3d 344, 359 (3d Cir. 2018) ("Probable cause requires only sufficient probability, not certainty that a crime has been committed[.]"). Thus, as explained in the Chief Magistrate Judge's Report and Recommendation, ECF No. [128], the evidence could (and did) support a finding of probable cause for the public drunkenness charge, even though it fell short of the necessary threshold for sustaining a criminal conviction.

To the extent Hunter intended to appeal this Court's summary judgment ruling on the false arrest and false imprisonment claims, he needed to file a notice of appeal pursuant to Rule 3 of the Federal Rules of Appellate Procedure. However, it would be premature for Hunter to file a notice of appeal at this point because the Court's entry of judgment on the false arrest and false imprisonment claims at ECF No. [134] was interlocutory, rather than a final appealable order. Even if Hunter had filed a premature notice of appeal, that would not prevent this Court from continuing to exercise jurisdiction over these proceedings. *See Mickell v. Geroulo*, No. 3:19-CV-01730, 2019 WL 13255867, at *1 (M.D. Pa. Dec. 19, 2019) ("'[A] notice of appeal from an unappealable order does not deprive the district court of jurisdiction.'") (quoting *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999)); *see also Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*) ("Where the deficiency

in a notice of appeal, by reason of . . . reference to a non-appealable order[ ] is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."); *United States v. Wilkes*, 368 F. Supp. 2d 366, 367 (M.D. Pa. 2005) (a district court "may proceed if the notice relates to a non-appealable order or judgment"). Accordingly, the motion at ECF No. [139] states no grounds for relief and will be denied.

*The Motion at ECF No. [140]*

At ECF No. [140], Hunter has filed a document styled as a "Motion for [sic] Limine." Therein, he seeks to exclude the affidavit of probable cause for his arrest, apparently on the basis that the affidavit was not signed by the issuing authority and did not bear the issuing authority's seal.

"[A] motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). At this point in the proceedings, it is premature for the Court to consider motions in limine. The case has been referred back from the Chief Magistrate Judge, but it remains to be seen whether this case is appropriate for judicial mediation or will necessarily proceed to trial. In the event that mediation is not an option, the Court will set a trial date and issue a pretrial order, which will allow both parties time to file and respond to motions in limine. Presently, Hunter's motion in limine will be dismissed without prejudice as premature.

Hunter also expresses in his motion that he wishes to interview the informant who provided information to Trooper Weber in the leadup to his arrest. Additionally, Hunter wishes to view the video of the car crash that Trooper Weber played for the state court trial judge in the underlying criminal proceeding. These requests will be denied inasmuch as discovery has ended

4

and, as discussed, it is not yet clear that the case will proceed to trial. If a trial date is subsequently scheduled, the Court and the parties will have an opportunity to discuss appropriate trial evidence, and Hunter will have an opportunity to subpoena relevant witnesses.

*The Motion at ECF No. [143]*

At ECF No. [143], Hunter has filed a document styled "Motion of a Writ of Right." In this motion, Hunter states that he "should be granted a hearing explaining" why his false arrest and false imprisonment claims were "denied" when he was acquitted and found not guilty of public drunkenness. ECF No. 143 at 2. As explained above, the quantum of proof required to establish probable cause for an arrest is substantially less than the quantum required to sustain a criminal conviction. Therefore, the fact that the state failed to adduce proof of public drunkenness beyond a reasonable doubt is not inconsistent with Trooper Weber having probable cause to arrest. For the reasons set forth in the Magistrate Judge's Report and Recommendation, ECF No. [128], Chief Judge Lanzillo concluded, as a matter of law, that Weber had established probable cause to arrest Hunter for public drunkenness. This Court agreed with that conclusion when it adopted the Report and Recommendation. As there is no basis for reconsidering the Court's prior ruling, Hunter's motion at ECF No. [143] will be denied.

*The Motion at ECF No. [144]*

At ECF No. [144], Hunter has filed a document styled as a "Motion to Demand for an Answer for Reasons Set Forth." In this filing, Hunter essentially requests three things: first, he wants a settlement hearing or, alternatively, confirmation that Weber intends to proceed to trial; second, he requests that the Court update his mailing address and utilize his girlfriend's phone

5

number as his emergency contact number; third, he demands "timely and adequate" dates, answers, decisions, processing times, and court dates.

As to the first issue, the Court notes that Hunter has been a prolific filer of motions in this and related litigation. With the resolution of his latest pending motions, the Court is now positioned to schedule a status conference -- and will do so in short order -- for the purpose of exploring a possible settlement or, alternatively, establishing a trial date.

As to the second and third issues, the Court notes that, to date, all rulings, notices, and orders have been duly mailed, in a timely fashion, to Hunter's address of record. Thus, he has received timely notice of all Court decisions and proceedings. To the extent Hunter wishes to update his mailing address, the Court will treat his motion at ECF No. [144] as a Notice of Change of Address. Accordingly, the Clerk is directed to change Plaintiff's address of record on the docket as follows:

>432 East 14th Street
>Erie PA 16503
>582-228-0493

Hunter is advised that his address will be updated only as to this case, and it is his responsibility to file a change of address notice at every case number for which he still has pending litigation.

In sum, Hunter's motion at ECF No. [144] is granted to the extent that the Court will schedule a status conference to explore settlement or, alternatively, set a trial date for this case. The motion is further granted to the extent Hunter requests a change to his address of record. In all other respects, the motion is denied.

*The Motion at ECF No. [145]*

Finally, Hunter has filed a document at ECF No. [145] styled as a "Motion Duces Tecum." In this motion, he demands that the Clerk of Court

6

> explain to the Plaintiff and Judge why he does not have, or did not show pro se of [sic] the records showing Plaintiff was found not guilty of public drunkenness and to explain why Plaintiff was denied false imprisonment and arrest for public drunkenness when Plaintiff was aquitted [sic] of and found not guilty for public drunkenness, and law, fact all by right [sic] entitle Plaintiff to a Claim of False Arrest and Imprisonment.

ECF No. 145.

Hunter's motion is without merit inasmuch as the Clerk of Court has no obligation to produce the records in question or provide the explanation Plaintiff desires. Moreover, for the reasons discussed, Hunter has failed to demonstrate any basis for revisiting the Court's prior ruling as it relates to his false arrest and false imprisonment claims. Because the motion is baseless, it will be denied.

Accordingly, based upon the foregoing reasons, IT IS ORDERED this 10th day of June, 2025, that:

1. Plaintiff's motion at ECF No. [138] is DENIED.

2. Plaintiff's motion at ECF No. [139] is DENIED.

3. Plaintiff's motion in limine at ECF No. [140] is DENIED without prejudice as premature.

4. Plaintiff's motion at ECF No. [143] is DENIED.

5. Plaintiff's motion at ECF No. [144] is GRANTED to the extent that the Court will schedule a status conference by separate order, for the purpose of discussing a possible settlement or, alternatively, setting a trial date for this case. The motion at ECF No. [144] is further GRANTED to the extent Plaintiff requests a change to his address of record. In all other respects, the motion is DENIED.

6. Plaintiff's motion at ECF No. [145] is DENIED.

SUSAN PARADISE BAXTER
United States District Judge