IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ALLEN HUNTER, JR., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:22-cv-68 |
| v. | ) ) |
| CHRISTOPHER WEBER, TPR., | ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER Re: MOTIONS FILED at ECF NOS. 169, 170, 171, 172, 173, 174 and 176

Plaintiff Ron Allen Hunter, Jr. ("Hunter") filed this *pro se* civil rights action against Pennsylvania State Trooper Christopher Weber ("Weber") seeking redress for alleged misconduct that transpired in connection with Hunter's arrest on January 11, 2022. Following extensive pretrial proceedings and motions practice, the sole remaining cause of action is Hunter's Fourteenth Amendment claim under 42 U.S.C. §1983 based on Weber's alleged use of excessive force in connection with the arrest.

Pending before the Court are motions filed by Hunter at ECF Numbers [169], [170], [171], [172], [173], [174], and [176]. These motions are addressed below.

*The Motion at ECF No. [169]*

At ECF No. [169], Hunter filed a "Motion to Not Dismiss the Case." This motion will be dismissed as moot. Hunter's Fourteenth Amendment excessive force claim against Trooper Christopher Weber remains intact and the Court has no intention to presently dismiss this case. To the extent Hunter expresses an interest in pressing criminal charges against his former girlfriend as indicated in his motion, he must pursue such measures with the appropriate

authorities, as this Court does not involve itself in the filing of criminal charges. Accordingly, any such request for relief along those lines is denied.

*The Motion at ECF No. [170]*

Pending before the Court at ECF No. [170] is Hunter's "Motion Entered for an Appeal for [His] 4th Amendment Illegal Search [and] Seizure, False Arrest, [and] False Imprisonment [Claims] Due to New Evidence Under Section 4904 [and] Section 4903." It is not entirely clear from the motion what form of relief Hunter is seeking but, regardless how the motion is interpreted, it lacks merit.

To the extent Hunter seeks to appeal the judgment that this Court entered in favor of Weber on the false arrest and false imprisonment claims, ECF No. 134, it is premature to do so, as the Court's ruling was non-final. Hunter will have the opportunity to appeal the Court's Order of Judgment at a later point in time once a final judgment is entered in this case, unless the matter is otherwise resolved through a future settlement agreement.

To the extent Hunter is asking this Court to reconsider its non-final Order of Judgment, he has stated no grounds for relief. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should be granted "sparingly," and "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Motions to

2

reconsider should not be used to relitigate issues already resolved by the court, nor should they be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Since September 3, 2024, when the Court entered the adverse judgment on Hunter's false arrest and false imprisonment claims, ECF No. 134, Hunter has repeatedly sought to revisit that ruling. Here, Hunter contends, as he has in past filings, that the magisterial district justice's seal and stamp were lacking from the affidavit of probable cause that Trooper Weber submitted in support of the criminal complaint. Hunter appears to believe that this constitutes new evidence that Weber violated 18 U.S.C. §4903 (False swearing) and §4904 (Unsworn Falsification to Authorities). These arguments are entirely misguided for the reasons set forth in the Court's prior ruling at ECF No. 159. Additionally, however, the Court notes that the evidence pertaining to the criminal complaint affidavit is not "new." And even if it were, there is no colorable basis on this record for inferring that Trooper Weber violated Sections 4903 or 4904 based on the manner in which he submitted his criminal complaint and supporting affidavit to the Magisterial District Justice. Upon closer inspection of the record, it appears that Hunter had his preliminary arraignment on the same day of his arrest via PolyCom videoconferencing, in accordance with the Pennsylvania Rules of Criminal Procedure, which likely accounts for the lack of the Magisterial District Justice's physical signature and seal. *See* ECF No. 108-1 at 7 and Pa. R. Crim. P. 540(A). At the preliminary arraignment, the Magisterial District Justice necessarily found there was probable cause to support Hunter's arrest; otherwise, he would have ordered Hunter's release. *See* Pa. R. Crim. P. 540(E). Regardless, any violations of state procedural law in this respect do not necessarily amount to federal constitutional violations. *See, e.g., Kaylor v.*

*Coleman*, Civil Action No. 13-69, 204 WL 1998232, *3 (E.D. Pa. May 15, 2014) (petitioner's claim that district justice did not stamp the criminal complaint and failed to sign, date, stamp or seal the affidavit of probable cause did not rise to the level of a due process violation that would be cognizable in federal habeas corpus proceedings).

Hunter also asserts that the presiding state court trial judge "lied under oath" when he found Hunter guilty of violating 18 Pa. C.S.A. §6308, pertaining to investigations by police officers, since "no hospital records show [he] was drunk." ECF No. 170 at 1. Relatedly, Hunter claims the state court judge violated 18 Pa. C.S.A. §4903 and/or §4904 by convicting him of violating §6308. This line of argument is not predicated on "new evidence" and therefore provides no grounds for reconsideration of the Court's September 3, 2024, ruling. In addition, any challenge to Hunter's conviction under §6308 is foreclosed by the ruling in *Heck v. Humphrey*, 412 U.S. 477, 486-87 (1994), which bars an individual's suit for damages or equitable relief in a §1983 action if success would necessarily imply the invalidity of a conviction or sentence, unless the claimant can demonstrate that his conviction or sentence has been invalidated. Here, Hunter's conviction under 18 Pa. C.S.A. §6308 remains intact, and it may not be challenged in this §1983 lawsuit. *See Hernandez v. Pennsylvania*, Civil Action No. 25-CV-3265, 2025 WL 2233673, at *3 (E.D. Pa. Aug. 5, 2025) ("[A]ny claims under §1983 that would call into question the validity of [the plaintiff's] conviction for the summary offense must be dismissed, because [the plaintiff] cannot state a claim to relief while his conviction remains intact."). Even if *Heck* did not apply, Hunter's argument is facially specious, as intoxication is not an element of the offense for which he was convicted. Under the plain terms of the statute, Weber needed only a "reasonable suspicion" that a violation of the vehicular code had occurred in order to detain Hunter for the purpose of securing any "information as the officer may

4

reasonably believe to be necessary" to his investigation. *Id.* §6308(b). It then became incumbent upon Hunter to produce, upon request, his identifying information, which he refused to do. *See id.* §6308(a). Based on the facts outlined in the Chief Magistrate Judge's Report and Recommendation and adopted by this Court, Weber had grounds to form a reasonable suspicion that Hunter was involved in the vehicular crash that Weber had been dispatched to investigate. Accordingly, Weber had a valid basis for asking Hunter to produce his identification. The record shows that Hunter refused to do so, in violation of 18 Pa. C.S.A. §6308. Nothing in the record supports Hunter's assertion of wrongdoing by the state court trial judge.

In sum, Hunter has once again failed to point to any intervening change in the law or new evidence that would warrant a reconsideration of the Court's September 3, 2024 ruling. Further, this is not a situation where reconsideration is necessary in order to correct clear error of law or prevent manifest injustice. Accordingly, the motion at ECF No. [170] will be DENIED.

*The Motion at ECF No. [171]*

Hunter filed at ECF No. [171] a "Motion to Answer the Trial Judge and Courts." This motion is GRANTED insofar as the Court acknowledges Hunter's response to the Court's August 20, 2025 Order, ECF No. [164], and his stated interest in pursuing settlement discussions in this matter.

*The Motion at ECF No. [172]*

Pending at ECF No. [172] is Hunter's motion to compel production of video recordings that were obtained from Weber's body camera and dash camera. Hunter acknowledges that he was previously in possession of this evidence, but because he is now in jail, he requests a second production of the evidence. This aspect of Hunter's motion will be denied without prejudice because it is unclear at this juncture whether the case will proceed to trial or resolve through

settlement or mediation. In the event the remaining excessive force claim proceeds to trial, the Court can revisit this issue, if appropriate.

Hunter also requests compelled production of the affidavit of probable cause that Trooper Weber submitted in support of his state court criminal complaint. This document was included in Weber's summary judgment papers and is part of the public docket at ECF No. 108-1. Accordingly, Hunter may obtain the document from the Clerk's office upon payment of the requisite copying costs. Beyond this, Hunter's motion will be denied without prejudice in lieu of the uncertainty about whether the case will proceed to trial or will resolve through mediation.

*The Motion at ECF No. [173]*

At ECF No. [173], Hunter filed a "Motion to Amend New Relief as Well as New Found Evidence." This motion, like the motion at ECF No. [170], centers on Hunter's misguided belief that Weber's criminal complaint affidavit somehow constitutes evidence of Weber's own criminal conduct, in violation of 18 Pa. C.S.A. §§4903 and 4904. As stated in the motion to amend, Hunter "plans on bringing these new claims to trial if Plaintiff and Defendant can't agree on a settlement." ECF No. 173.

The motion at ECF No. [173] will be denied. At this juncture, the time for amending pleadings has long since expired. Even if the motion was timely, the Court would not grant leave to amend in these circumstances because, as discussed, there is no merit to Hunter's legal theory, and the "evidence" in question is not new. Thus, the proposed amendments would be both inequitable and futile. *See* Fed. R. Civ. P. 15(a)(2) (requiring Court leave for amendment); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (observing that a court typically must allow amendments to a civil rights complaint, unless doing so would be "inequitable or futile").

*The Motion at ECF No. [174]*

At ECF No. [174], Hunter filed a document styled: "Motion Entered on Plaintiff Making Final Decision to Represent His [sic] Self and Continue as a 'Pro-Se' Litigant, and Continue and Plaintiff Also Will Agree to a Settlement Hearing To Save Money and Cost As Well As Time and Resources for the Courts." This motion will be DISMISSED as moot, inasmuch as it does not request any specific relief from the Court; instead, it merely states Hunter's intent to continue in his capacity as a *pro se* litigant and also indicates his interest in participating in settlement discussions. Hunter's willingness to engage in settlement proceedings is duly noted by the Court and will be addressed by way of separate case management orders and/or proceedings.

*The Motion at ECF No. [176]*

Finally, at ECF No. [176], Hunter filed a "Motion Requesting Update on Settlement or Trial." The motion is GRANTED insofar as the Court makes the following observations about the procedural posture of this case. First, the docket reflects that new counsel entered her appearance for Weber on November 11, 2025. Second, it does not appear that defense counsel ever responded to the Court's order, dated August 20, 2025, requiring each party to provide notice whether they intend to proceed to trial on the remaining excessive force claim or would prefer instead to engage in settlement discussions. Third, in light of this deficiency, **defense counsel is hereby directed to provide the required notice to the Court on or before February 5, 2026.** Fourth, contemporaneously with the entry of this Memorandum Order, the Court will set a status conference for the purpose of discussing and scheduling trial or settlement/mediation, as the case may be.

7

Accordingly, based upon the foregoing reasons, IT IS ORDERED this 27th day of January 2026, that:

1. Plaintiff's motion at ECF No. [169] is DENIED insofar as he requests assistance from the Court in prosecuting his former girlfriend; the motion is otherwise DISMISSED as moot.

2. Plaintiff's motion at ECF No. [170] is DENIED.

3. Plaintiff's motion at ECF No. [171] is GRANTED insofar as the Court acknowledges Plaintiff's response to the Court's August 20, 2025 Order, ECF No. [164], and his stated interest in pursuing settlement discussions in this matter.

4. Plaintiff's motion at ECF No. [172] is DENIED without prejudice.

5. Plaintiff's motion at ECF No. [173] is DENIED.

6. Plaintiff's motion at ECF No. [174] is DISMISSED as moot.

7. Plaintiff's motion at ECF No. [176] is GRANTED.

**IT IS FURTHER ORDERED** that <u>defense counsel shall notify the Court, on or before February 5, 2026, whether the Defendant intends to proceed to trial on the remaining excessive force claim or is interested in engaging in mediation/settlement discussions</u>.

*Susan Paradise Baxter*
_____
SUSAN PARADISE BAXTER
United States District Judge